# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Deutsche Bank National Trust Company,

    Plaintiff

v.

REO Investment Advisors V, LLC, et al.,

    Defendants

2:17-cv-00694-JAD-PAL

**Order Staying Case and Denying Motions Without Prejudice**

[ECF Nos. 13, 19, 21]

Deutsche Bank brings this quiet-title and wrongful-foreclosure action to challenge the 2014 nonjudicial foreclosure sale of the home located at 2776 Jupiter Creek Street in Las Vegas, Nevada.[1] Although the bank sues under a dozen theories ranging from breach of contract to negligence to due-process violation, it primarily seeks a declaration that, despite the operation of NRS 116.3116 as interpreted by the Nevada Supreme Court in *SFR Investments Pool 1, LLC v. U.S. Bank*,[2] its first deed of trust was not wiped out by the foreclosure sale, and the purchaser REO Investment Advisors V, LLC bought the property subject to the bank's interest.[3]

But this property is also the subject of an earlier-filed lawsuit in state court. Deutsche Bank started its challenge by filing a similar suit for quiet title in Nevada's Eighth Judicial District Court almost two years before it filed this lawsuit.[4] REO now moves to stay this case pending the completion of the earlier-filed state-court case.[5] Because it appears that the state court has exclusive jurisdiction over this case, I grant the motion, stay this action, and deny the

---

[1] ECF No. 1.

[2] *SFR Investments Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[3] *See* ECF No. 1 at 22–23.

[4] I take judicial notice of the existence of and filings in Case No. A-15-719261-C.

[5] ECF No. 13.

pending motions to dismiss without prejudice.

## Discussion

In *Chapman v. Deutsche Bank Nat'l Trust Co.* ("*Chapman I*"), the Ninth Circuit explained the "mandatory jurisdictional limitation" known as the "prior exclusive jurisdictional doctrine."[6] The doctrine "holds that when one court is exercising *in rem* or *quasi in rem* jurisdiction over a *res*, a second court may not assume *in rem* or *quasi in rem* jurisdiction over the same *res*," and the second court must dismiss or stay.[7] And in response to a certified question in *Chapman I*, the Nevada Supreme Court clarified that quiet-title proceedings challenging nonjudicial foreclosures are either *in rem* or *quasi in rem* in nature.[8] With that clarification, the Ninth Circuit in *Chapman II* held that the federal court lacked jurisdiction over a quiet-title action about the same property that was the subject of an earlier-filed unlawful-detainer suit in state court. The panel remanded, instructing: "If the Unlawful Detainer Action remains pending, the Quiet Title Action should be dismissed for lack of subject matter jurisdiction over the res. If the state action has terminated, the district court may elect to proceed with the instant action."[9]

This federal action is the second quiet-title action that Deutsche Bank has filed about this property and this foreclosure sale.[10] Deutsche Bank argues that the doctrine should not apply here because the earlier-filed state-court case was dismissed the day after this action was filed.[11] And because "jurisdiction in state court has already terminated[,] this Court has exclusive *in rem*

---

[6] *Chapman v. Deutsche Bank Nat'l Trust Co.* ("*Chapman I*"), 651 F.3d 1039, 1043 (9th Cir. 2011).

[7] *Chapman v. Deutsche Bank Nat'l Trust Co.* ("*Chapman II*"), 531 F. App'x 832, 833 (9th Cir. 2013).

[8] *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1108 (Nev. 2013).

[9] *Chapman II*, 531 F. App'x at 833 (citing *Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir. 1982)).

[10] *See* ECF No. 13-1 (state-court complaint).

[11] ECF No. 16 at 4.

2

jurisdiction over the subject Property."[12]

Except that the state-court case is still active. Minutes from a July 25, 2017, hearing on REO's motion to reopen that case reflect that "the case was never closed because" Deutsche Bank did not take the final steps necessary to close it, so the court denied as moot the motion to reopen the still-open case. And the docket reflects that REO has filed an answer and counterclaim, and Deutsche Bank has moved to strike that pleading. After a handful of continuances, the hearing on that motion is scheduled for December 5, 2017.[13]

Because the state court exercised jurisdiction over this property via Deutsche Bank's first-filed quiet-title action before this federal lawsuit was filed, "the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."[14] The proper remedy, it appears, is not a stay—but dismissal because the pending state-court action precludes this court from exercising jurisdiction.[15] But because REO moves now only for a stay "subject to dismissal for lack of subject matter jurisdiction" if the state-court action proceeds, and the parties have not briefed me on the plans for, or anticipated course of, that case now that the judge has found that it was never closed, I find that the prudent course is to grant the stay under *Landis v. North American Company*, which recognizes the district court's inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[16] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a

---

[12] *Id*.

[13] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11601335, last visited on 11/21/17.

[14] *Chapman I*, 651 F.3d at 1044 (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922)).

[15] *Id*. at 1043 (quoting *State Eng'r v. S. Fork Bank of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 810 (9th Cir. 2003) and noting that the prior exclusive jurisdiction doctrine "is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation.").

[16] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[17] Having weighed these considerations, I find that a *Landis* stay is appropriate here because there have been developments in the state-court action since the motion to stay was filed, those developments may deprive this court of jurisdiction over this action, but the parties have not fully briefed the question of dismissal. A stay will avoid complicating the issues in this case while the state-court judge considers the viability of the earlier-filed case.

### Conclusion

IT IS THEREFORE ORDERED that the Motion to Stay **[ECF No. 13] is GRANTED. This case is STAYED for all purposes. Once the state-court judge has resolved pending motion to strike REO's Answer and Counterclaim and for Order Closing Case, any party may move to lift this stay or to dismiss it for lack of jurisdiction based on the *Chapman* cases or the *Colorado River* doctrine.**

IT IS FURTHER ORDERED that the pending motions to dismiss **[ECF Nos. 19, 21] are DENIED** without prejudice to their refiling within 20 days of an order lifting the stay.

DATED: November 21, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[17] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).